

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-CR-169-JCM-NJK |
| Plaintiff, | |
| v. | Preliminary Order of Forfeiture |
| ALEJANDRO "ALEX" INCERA, A.P.R.N., a.k.a. ALEXANDER JIMINEZ-INCERA, | |
| Defendant. | |

This Court finds that defendant Alejandro "Alex" Incera, A.P.R.N., a.k.a. Alexander Jiminez-Incera, pled guilty to Counts Five through Twelve and Fourteen through Twenty-One of a Twenty-Nine-Count Criminal Indictment charging him in Counts Five through Twelve with Distribution of Controlled Substances – Schedule II in violation of Title 21, United States Code, Section 841(a)(1) and in Counts Fourteen through Twenty-One with Health Care Fraud in violation of Title 18, United States Code, Section 1347. Criminal Indictment, ECF No. 1; Plea Agreement, ECF No. 51; Change of Plea, ECF No. 55.

The in personam criminal forfeiture money judgment is (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of Title 21, United States Code, Section 841(a)(1); (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of Title 21, United States Code, Section 841(a)(1); (3) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed

chemical in violations of Title 21, United States Code, Section 841(a)(1), all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, United States Code, Section 841(a)(1); (4) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 21, United States Code, Section 841(a)(1), a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(D), or Title 18, United States Code, Section 1347, a specified unlawful activity as defined in Title 18, United States Code, Section 1956(c)(7)(F), involving a Federal health care offense as defined in Title 18, United States Code, Section 24, or a conspiracy to commit such offenses; and (5) property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of Title 18, United States Code, Section 1347, a Federal health care offense as defined in Title 18, United States Code, Section 24, and is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a)(1) and 853(a)(2); Title 21, United States Code, Section 881(a)(6) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(7); and Title 21, United States Code, Section 853(p).

This Court finds that Alejandro "Alex" Incera, A.P.R.N., a.k.a. Alexander Jiminez-Incera, shall pay an in personam criminal forfeiture money judgment in an amount to be determined pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and (e) to the United States of America, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 21, United States Code, Section 853(a)(1) and 853(a)(2); Title 21, United States Code, Section 881(a)(6) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(7); and Title 21, United States Code, Section 853(p).

///

///

1     This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

    The in personam criminal forfeiture money judgment complies with *Honeycutt v. United States*, ___U.S.___, 137 S. Ct. 1626 (2017).

    THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from Alejandro "Alex" Incera, A.P.R.N., a.k.a. Alexander Jiminez-Incera, an in personam criminal forfeiture money judgment in an amount to be determined pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and (e).

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED this 2nd day of OCT, 2018.

_____
THE HONORABLE JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE