AO 248 (Rev. 08/20)   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:18-cr-169-JCM |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ALEJANDRO INCERA, | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

  and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐  There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

  ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Alejandro Alex Incera's motion for compassionate release (ECF No. 152) is DENIED. The court is not persuaded that Incera's underlying health conditions present an "extraordinary and compelling reason" to warrant a sentence reduction under 18 U.S.C. sec. 3582(c)(1)(A)(i). Incera states he contracted Guillain-Barre syndrome (GBS) in 2006, which precludes him from receiving the COVID-19 vaccine. Yet the government avers, and Incera concedes, that the CDC's position is that people who have previously contracted GBS are *still* encouraged to get the vaccine. (ECF No. 159 at 4). Incera's personal decision not to receive the vaccine--thereby increasing his risk of contracting COVID-19--does not compel this court to consider a reduction in sentence under sec. 3582. Further, Incera's medically unsupported claims of asthma do not save his position that his underlying health conditions place him at severe risk of COVID-19. Finally, Incera states his mother was recently diagnosed with jaw cancer and that he was her "main" caretaker prior to incarceration. (ECF No. 152 at 11). He does not provide the court, however, with sufficient evidence that he is her "only" caretaker, as generally required to constitute an extraordinary/compelling family circumstance. (U.S.S.G. Sec. 1B1.13). Because extraordinary or compelling reasons do not not exist, the court does not need to consider the factors set forth in 18 U.S.C. 3553(a). Continued on the following page...

3

Incera's motion for leave to file two exhibits under seal (ECF No. 153) is GRANTED because it contains his PSR and administrative, confidential information.

The government's motion for leave to file Gov't Exhibit 1 under seal (ECF No. 157) is GRANTED because it contains private medical information.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative

remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the

defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

November 1, 2021.

_____
UNITED STATES DISTRICT JUDGE